IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS
AT KANSAS CITY

| | | |
|---|---|---|
| RLI INSURANCE COMPANY, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Case No. 2:14-CV-2479 |
| | ) | |
| PAUL RUSSELL, et al. | ) | |
| | ) | |
| Defendants. | ) | |

**FIRST AMENDED COMPLAINT**

COMES NOW, Plaintiff RLI Insurance Company ("RLI"), pursuant to F.R.C.P. 7(a)(1), by and through its undersigned counsel and for its First Amended Complaint against Defendants Engineered Systems Company, LLC ("ESC"), Paul Russell, Betty Russell, Paul Russell, Jr., Joshua Allenbrand and Jane Valentine alleges and avers as follow:

**I.    Jurisdictional Allegations**

1. Plaintiff RLI is a corporation organized under the laws of Illinois, and at all times referred to herein was authorized to conduct business in the State of Kansas.

2. Paul Russell and Betty Russell are individuals, and at all times herein referred to, citizens of the State of Kansas and may be served at the above addresses.

3. ESC is a Kansas limited liability company who performs certain work on construction projects in Kansas, Missouri and other states.

4. Paul Russell, Jr. is an individual and upon information and belief is a citizen and resident of the state of Kansas and may be served at the above address.

5. Joshua Allenbrand is an individual and upon information and belief is a citizen and resident of the state of Kansas and may be served at the above address.

6. Jane Valentine is an individual and upon information and belief is a citizen and resident of the state of Kansas and may be served at the above address.

7. ESC's principal place of business is located in Bonner Springs, Kansas; and, therefore, venue and jurisdiction lies with this Court.

## II.   Facts Common to All Counts

8. On or about April 4, 2013, in order to induce RLI to execute Performance & Payment Bonds, ESC, as principal and as an indemnitor as well as Paul Russell and Betty Russell as indemnitors in their individual capacities, executed a General Indemnity Agreement ("GIA") in favor of RLI. *See General Indemnity Agreement attached hereto and labeled Exhibit A.*

9. The above-captioned suit for monies owed is filed by RLI Insurance Company against Engineered Systems Company, Paul Russell, Betty Russell, Paul Russell, Jr., Joshua Allenbrand and Jane Valentine pursuant to the GIA.

10. There was a previous lawsuit by an entity named Performance Contracting, Inc. ("PCI") which alleged that ESC owed PCI money for stone material and labor that PCI provided on a rock retaining wall built at Lake Quivira, Kansas ("the Lake Quivira Project") in the fall of 2013. This action will hereinafter be referred to as "The PCI Action."

11. The PCI Action named RLI due to its status as the surety for ESC under a certain Payment Bond #SSB412988.

12. This action results, in part, from construction contracts entered into between ESC and various public works for work done by ESC in Wyandotte County, Kansas and Kansas City, Missouri.

13. RLI was the surety and bonding company for at least 3 of those projects which are addressed in detail herein.

14. ESC was formed on November 6, 2008 with named resident agent as Mark Murphy Law Firm in Overland Park, Kansas.

### III.  The Projects

#### a.  Three Trails Project

15. On or about June 27, 2013 ESC entered into a contract for construction at the Three Trails Development project in Kansas City, Missouri (the "Three Trails Project") which was administered by Missouri Department of Transportation ("MoDOT".)

16. The contract for the Three Trails Project was for construction of roadway and pedestrian bridge items for the project located at or about Interstate 435 and Bannister.

17. The contract between ESC and MoDOT for the Three Trails Project was in the amount of $1,021,782.26.

18. As a contract for public works in the state of Missouri, a contract bond was required to be provided by ESC for the benefit of MoDOT.

19. On or about June 20, 2013 and in reliance on the GIA, RLI executed Contract Bond No. SSB412991 in the penal sum of $1,021,782.26 ("Contract Bond No. SSB412991".) *See Exhibit B*.

20. Contract Bond No. SSB412991 provides that RLI is the surety for its Principal ESC and MoDOT is the obligee. *See Exhibit B*.

21. Contract Bond No. SSB412991 is for the construction contract in effect between ESC and MoDOT for the project described as:

3

      Route: 435
      County: Jackson
      Job No.: J413001 ("435 Project")

22.     RLI has received a claim on its performance bond and claims on its payment bond for payment of past due amounts from subcontractors and/or suppliers on the Three Trails Project.

23.     As a result of the claims on its bonds, RLI has and continues to incur costs, expenses and legal fees in investigating and resolving said claims.

      **b.**     **Trolley Trail Project.**

24.     On or about February 20, 2013, ESC entered into a contract for a project owned by the City of Kansas City, Public Works known as the Trolley Trail (the "Trolley Trail Project".)

25.     The contract for the Trolley Trail Project 24 calls for construction and pedestrian bridge work at the Trolley Trail Project to be performed by ESC.

26.     The contract amount of the Trolley Trail Project as to ESC was $756,349.50.

27.     As a public works project in the State of Missouri ESC was required to obtain a contract bond for the Trolley Trail Project.

28.     On or about April 7, 2013 and in reliance on the GIA, RLI executed Performance Bond No. SSB412987 in the penal sum of $756,349.00 ("Performance Bond No. SSB412987"). *See Performance Bond #SSB412987 attached hereto as Exhibit C.*

29.     Contract Bond No. SSB412991 was issued with Engineered Systems Company, LLC as its principal and the City of Kansas City Public Works Department as the obligee for the project described as:

      Trolley – Blue River Connector Trail
      Project No.: STP3301-(443)

4

30. RLI has received a claim on its performance bond and claims on its payment bond for purported past due amounts owed to subcontractors and/or suppliers on the Trolley Trail Project. As a result, RLI has and continues to incur costs, expenses and legal fees in investigating and resolving said claims.

### c.  Lake Quivira Project

31. On or about April 8, 2013, ESC entered into a contract with the City of Lake Quivira, Kansas (the "City") to provide construction services and materials for use on the dam retaining wall project for the City (the "Lake Quivira Project.")

32. The contract between the City and ESC is in the amount of $389,186.01.

33. As it was a public works construction project, ESC was required to attain a contract bond for the Lake Quivira Project under Kansas law.

34. In reliance of and based on the GIA, RLI issued Payment Bond #SSB412988 ("Payment Bond No. SSB412988") in the penal sum of $389,186.01. *See Payment Bond No. SSB412988 attached hereto as Exhibit D.*

35. In reliance of and based on the GIA, RLI also issued Contract Bond #SSB412988 ("Contract Bond No. SSB412988".) *See Contract Bond attached hereto as Exhibit D.*

36. Both Payment Bond No. SSB412988 and Contract Bond No. SSB412988 were issued with RLI as the surety, ESC as its principal and the City as the obligee.

37. To aid it on its work on the Lake Quivira Project, ESC subcontracted with Performance Contracting Inc. ("PCI") for portion of work and materials. PCI did work on the project as a subcontractor and ultimately sued ESC, RLI and the City in Wyandotte County Kansas District Court for payment for work performed on the Project (the "PCI Lawsuit")

38. RLI requested that ESC indemnify it and provide sufficient collateral to protect RLI from PCI's claim, but ESC failed to do so. Ultimately, RLI settled PCI's claim in the amount of $100,761.36 and has incurred significant costs and expenses in doing so.

## COUNT I – Contractual Indemnification – Paul Russell

39. Defendant/Third-Party Plaintiff RLI hereby incorporates specifically by reference paragraphs 1 through 38 above as if the same were set forth fully herein.

40. In order to induce RLI to issue its bonds, on or about April 4, 2013, Paul Russell executed a "General Indemnity Agreement" each individually as indemnitors for ESC. *See Exhibit A*.

41. Under the terms of the GIA, Paul Russell, individually, agrees to *inter alia*:

> SECOND: The Contractor and Indemnitors jointly and severally shall exonerate, indemnify, and keep indemnified the Surety from and against any and all liability for losses and/or expenses of whatsoever kind or nature (including, but not limited to, interest, court costs and counsel fees) and from and against any and all such losses and/or expenses which the Surety may sustain and incur: (1) By reason of having executed or procured the execution of the Bonds, (2) By reason of the failure of the Contractor and Indemnitors to perform or comply with the covenants and conditions of this Agreement or (3) in enforcing any of the covenants and conditions of this Agreement.
>
> Payment by reason of the aforesaid causes shall be made to the Surety by the Contractor and Indemnitors as soon as liability exists or is asserted against the Surety, whether or not the Surety shall have made any payment therefore. Such payment shall be equal to the amount of the reserve set by the Surety or equal to such amounts as the Surety, and its sole judgment, deems sufficient to protect it from loss or potential loss. In the event of any payment by the Surety, the Contractor and Indemnitors further agree that in any accounting between the Surety, the Contractors and Indemnitors, the Surety shall be entitled to charge for any and all disbursements made by it in good faith in and about the matters herein contemplated by this Agreement under the belief that it is or was liable for the sums and amounts so disbursed, or that it was necessary or expedient to make such disbursements, whether or not

6

> such liability, necessity or expediency existed; and that the vouchers or other evidence of any such payments made by the Surety shall be prima facie evidence of the fact and amount of the liability to Surety.

42. As a result of the above referenced claims on each of the projects, RLI, as Surety, has incurred damages and expenses in the investigation and payment of claims, including but not limited to payment of settlement of the claims in the amount of $374,420.88 plus legal fees and costs. RLI continues to attempt to resolve these claims and incur costs and fees and expects its losses to continue to grow.

43. Under the terms of the GIA, RLI, as Surety, is entitled to indemnification from Paul Russell, as an individual indemnitor, for all sums paid, or hereafter paid and expended in connection with payments made under the Payment Bond, together with its costs, expenses and attorneys' fees.

WHEREFORE, RLI Insurance Company respectfully requests this Court for its Order granting it judgment against Paul Russell in excess of $374,420.88, its fees and costs in being required to pursue this action and for such other relief as the Court deems just and proper under the circumstances.

## COUNT II – Contractual Indemnification – Betty Russell

44. Defendant/Third-Party Plaintiff RLI hereby incorporates specifically by reference paragraphs 1 through 43 above as if the same were set forth fully herein.

45. On or about April 4, 2013, Betty Russell executed a "General Indemnity Agreement" each individually as indemnitor for ESC. *See Exhibit A.*

46. Under the terms of the GIA, Betty Russell, individually, agrees to *inter alia*:

> SECOND:  The Contractor and Indemnitors jointly and severally shall exonerate, indemnify, and keep indemnified the Surety from and against any and all liability for losses

7

> and/or expenses of whatsoever kind or nature (including, but not limited to, interest, court costs and counsel fees) and from and against any and all such losses and/or expenses which the Surety may sustain and incur: (1) By reason of having executed or procured the execution of the Bonds, (2) By reason of the failure of the Contractor and Indemnitors to perform or comply with the covenants and conditions of this Agreement or (3) in enforcing any of the covenants and conditions of this Agreement.
>
> Payment by reason of the aforesaid causes shall be made to the Surety by the Contractor and Indemnitors as soon as liability exists or is asserted against the Surety, whether or not the Surety shall have made any payment therefore. Such payment shall be equal to the amount of the reserve set by the Surety or equal to such amounts as the Surety, and its sole judgment, deems sufficient to protect it from loss or potential loss. In the event of any payment by the Surety, the Contractor and Indemnitors further agree that in any accounting between the Surety, the Contractors and Indemnitors, the Surety shall be entitled to charge for any and all disbursements made by it in good faith in and about the matters herein contemplated by this Agreement under the belief that it is or was liable for the sums and amounts so disbursed, or that it was necessary or expedient to make such disbursements, whether or not such liability, necessity or expediency existed; and that the vouchers or other evidence of any such payments made by the Surety shall be prima facie evidence of the fact and amount of the liability to Surety.

47. As a result of the above referenced claims on each of the projects, RLI, as Surety, has incurred damages and expenses in the investigation and payment of claims, including but not limited to payment of settlement of the claims in the amount of $374,420.88 plus legal fees and costs. RLI continues to attempt to resolve these claims and incur costs and fees and expects its losses to continue to grow.

48. Under the terms of the GIA, RLI, as Surety, is entitled to indemnification from Betty Russell, as an individual indemnitor, for all sums paid, or hereafter paid and expended in

8

connection with payments made under the Payment Bond, together with its costs, expenses and attorneys' fees.

WHEREFORE, RLI Insurance Company respectfully requests this Court for its Order granting it judgment against Betty Russell in excess of $374,420.88, its fees and costs in being required to pursue this action and for such other relief as the Court deems just and proper under the circumstances.

## COUNT III – Contractual Indemnification – ESC

49. Defendant/Third-Party Plaintiff RLI hereby incorporates specifically by reference paragraphs 1 through 48 above as if the same were set forth fully herein.

50. On or about April 4, 2013, Paul Russell executed a "General Indemnity Agreement" as an officer for ESC. *See Exhibit A*.

51. Under the terms of the GIA, ESC, agrees and is bound to *inter alia*:

> SECOND: The Contractor and Indemnitors jointly and severally shall exonerate, indemnify, and keep indemnified the Surety from and against any and all liability for losses and/or expenses of whatsoever kind or nature (including, but not limited to, interest, court costs and counsel fees) and from and against any and all such losses and/or expenses which the Surety may sustain and incur: (1) By reason of having executed or procured the execution of the Bonds, (2) By reason of the failure of the Contractor and Indemnitors to perform or comply with the covenants and conditions of this Agreement or (3) in enforcing any of the covenants and conditions of this Agreement.
>
> Payment by reason of the aforesaid causes shall be made to the Surety by the Contractor and Indemnitors as soon as liability exists or is asserted against the Surety, whether or not the Surety shall have made any payment therefore. Such payment shall be equal to the amount of the reserve set by the Surety or equal to such amounts as the Surety, and its sole judgment, deems sufficient to protect it from loss or potential loss. In the event of any payment by the Surety, the Contractor and Indemnitors further agree that in any accounting between the Surety, the Contractors and Indemnitors, the Surety shall be entitled to charge for any and all

9

disbursements made by it in good faith in and about the matters herein contemplated by this Agreement under the belief that it is or was liable for the sums and amounts so disbursed, or that it was necessary or expedient to make such disbursements, whether or not such liability, necessity or expediency existed; and that the vouchers or other evidence of any such payments made by the Surety shall be prima facie evidence of the fact and amount of the liability to Surety.

52. As a result of said claims, RLI, as Surety, has incurred damages and expenses in the investigation and payment of claims, including but not limited to payment of settlement of the claims in the amount of $374,420.88 plus legal fees and costs. RLI continues to attempt to resolve these claims and incur costs and fees and expects its losses to continue to grow.

53. Under the terms of the GIA, RLI, as Surety, is entitled to indemnification from ESC, as indemnitor, for all sums paid, or hereafter paid and expended in connection with payments made under the Payment Bond, together with its costs, expenses and attorneys' fees.

WHEREFORE, RLI Insurance Company respectfully requests this Court for its Order granting it judgment against ESC in excess of $374,420.88, its fees and costs in being required to pursue this action and for such other relief as the Court deems just and proper under the circumstances.

## COUNT IV – FRAUD - PERSONAL LIABILITY AGAINST PAUL RUSSELL, PAUL RUSSELL, JR., PAUL ALLENBRAND AND JANE VALENTINE

54. Defendant/Third-Party Plaintiff RLI hereby incorporates specifically by reference Paragraphs 1 – 53 above as if the same were set forth fully herein.

55. On information and belief Paul Russell, Paul Russell, Jr., Joshua Allenbrand and Jane Valentine ("Fraud Defendants") were officers, members and/or managers of ESC at all times while ESC was performing work on each of the projects.

10

56. The Fraud Defendants made false representations to RLI including but not limited to ESC's access to a line of credit, their intent to pay various subcontractors on the above projects and their intent to pay RLI back for the debts due and owing set forth in this Complaint.

57. Those representations were known to be false by the Fraud Defendants making them or were recklessly made with knowledge concerning them.

58. The representations were intentionally made for the purpose of inducing RLI to not take steps to protect its rights including, but not limited to, enforcing the GIA, filing an indemnity lawsuit and demanding collateralization under the GIA.

59. RLI reasonably relied and acted upon the representations made.

60. RLI sustained damage by relying upon those representations set forth herein.

61. The Fraud Defendants intentionally and with knowledge used contract funds from the Projects for purposes other than paying for work and supplies on the same.

62. The Fraud Defendants had a fiduciary duty to RLI to use the contract funds it received from each of the bonded projects to pay for labor and materials provided by subcontractors and suppliers on the projects.

63. The Fraud Defendants received $100,761.36 from the owner of the Lake Quivira project in payment for rock, materials and labor used on a retaining wall at the Lake Quivira project.

64. The Fraud Defendants diverted these funds to other uses including payment of their own payroll, overhead and personal expenses when money was properly owed to PCI for the work on this project and in so doing breached their fiduciary duty and caused RLI to be damaged when it was required to pay PCI for their work on the project.

11

65. Further, on or about Thursday, November 20, 2014, ESC was to receive a progress payment from in the approximate amount of $92,650.00 from the owner of the Three Trails Project reflecting work performed by various subcontractors on the project. Prior to this date, RLI had requested that the Owner not release any further contract funds to ESC because ESC was not using the progress payments to pay its subcontractors and suppliers.

66. The Fraud Defendants agreed and represented to RLI, and RLI relied on said representations, that ESC would use the $92,650.00 to make payments to specifically identified material suppliers and/or subcontractors on the Three Trails Projects as set forth in correspondence between the parties. Absent this agreement to pay subcontractors and suppliers, RLI never would have consented that the Owner could pay ESC this money.

67. At the time the representations were made, the Fraud Defendants knew or should have known that these representations were false.

68. RLI relied on these representations.

69. These funds were the property of RLI as contract proceeds for a bonded project.

70. Ultimately, the Fraud Defendants obtained the $92,650.00 from the Owner and chose not to pay the subcontractors and suppliers as agreed, but rather diverted some of the $92,650.00 to pay their own salaries and overhead expenses of ESC.

71. RLI was damaged in amounts to be determined including those amounts it paid to payment bond claimants on this Project.

72. The Fraud Defendants have also breached their fiduciary duty by misappropriating contract funds and failing to pay, inter alia, the following subcontractors for the Three Trails Project:

    (i) Core Slab in the amount of $47,445.64

    (ii)  Hayes in the amount of $44,932.00

    (iii)  Traffic Zone in the amount of $24,659.37

    (iv)  Goedecke in an unknown amount.

  73.  The failure to pay these contractors for amounts due and owing has caused the surety to incur losses in the above amounts.

  74.  The Fraud Defendants are personally liable for the above-referenced damages caused by the willful participation in the described acts of deceit.

  75.  As a result of the above-referenced fraudulent acts and their breach of their fiduciary duties, the Fraud Defendants are not entitled to the corporate protection of ESC.

  76.  RLI has suffered damages as described above in excess of $100,000 plus legal fees and costs.  These costs and fees continue to be incurred.

  WHEREFORE, RLI Insurance Company respectfully requests this Court for its ruling that the individual members and/or officers of Engineered Systems, Inc. Paul Russell, Paul Russell, Jr., Joshua Allenbrand and Jane Valentine are personally liable for all debts of the LLC and furthermore indemnification under all bonds written as to RLI for amounts paid and for such other relief as the Court deems just and proper under the circumstances.

### COUNT V – <u>NONCONTRACTUAL INDEMNIFICATION – PAUL RUSSELL, BETTY RUSSELL, AND ESC</u>

  77.  The allegations set forth in paragraphs 1-38 above are hereby incorporated by reference as if the same were set forth fully herein.

  78.  As a result of the aforementioned acts and omissions by Paul Russell, Betty Russell and ESC, RLI has suffered damages in the form of the settlement payments, legal fees in

13

investigating and defending claims on the bonds it issued as well as bringing this action and costs attributed to the same.

79. Any loss or damage incurred by RLI, as surety, was the direct and sole result of the acts and/or omissions of Paul Russell, Betty Russell and ESC.

80. Demand has been made on all defendants to reimburse and indemnify RLI for the costs and expenses it has incurred, but they have refused to do so.

81. RLI was not responsible for any of the losses outlined above and only incurred the same as a result of its position as surety. RLI is entitled to recover all of its losses, costs and fees it incurred herein against Paul Russell, Betty Russell and ESC.

WHEREFORE, RLI Insurance Company respectfully requests this Court for its Order granting it judgment against ESC in excess of $374,420.88, its fees and costs in being required to pursue this action and for such other relief as the Court deems just and proper under the circumstances.

## DEMAND FOR JURY TRIAL

Plaintiff hereby requests a trial by jury on all issues so triable.

## DESIGNATION OF PLACE OF TRIAL

Plaintiff RLI Insurance Company, hereby designates the place of trial as the U.S. District Court for the District of Kansas, at Kansas City, Kansas.

Respectfully submitted,

BAKER STERCHI COWDEN & RICE, L.L.C.

/s/ *James S. Kreamer*
James S. Kreamer    KS #14374
John A. Watt    KS #20175

14

        2400 Pershing Road, Suite 500
        Kansas City, Missouri 64108
        kreamer@bscr-law.com
        watt@bscr-law.com
        Telephone: (816) 471-2121
        Facsimile: (816) 472-0288
        **ATTORNEYS FOR PLAINTIFF**
        **RLI INSURANCE COMPANY**

## **CERTIFICATE OF SERVICE**

I hereby certify that on the 19th day of March, 2015, I electronically filed the foregoing with the clerk of the court using the CM/ECF system which will send electronic filing copies to all attorneys of record.

    Robert M. Pitkin
    HORN AYLWARD & BANDY, LLC
    2600 Grand Blvd., Suite 1100
    Kansas City, MO  64108
    rpitkin@hab-law.com
    **ATTORNEYS FOR DEFENDANT**
    **ENGINEERED SYSTEMS, INC.**


                */ s / James S. Kreamer*

4843-2030-4162, v.  1