# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

RLI INSURANCE COMPANY,

    *Plaintiff,*

vs.

    Case No. 14-cv-02479-EFM-JPO

PAUL RUSSELL, *et al.*,

    *Defendants.*

## MEMORANDUM AND ORDER

This case is back before the Court more than two years after the parties reached a settlement agreement and dismissed the case without prejudice, pursuant to Fed. R. Civ. P. 41(a)(1)(A)(ii). It makes its return upon Plaintiff RLI Insurance Company's ("RLI") Second Motion to Enforce Settlement Agreement. Because the Court lacks jurisdiction to enforce the settlement agreement, the Court denies RLI's motion.

### I.    Factual and Procedural Background

RLI initially filed its complaint on September 23, 2014. The parties eventually settled following court-ordered mediation held on April 22, 2016. RLI filed a Motion to Enforce Settlement Agreement on June 29, 2016. The Court did not rule on that motion because the parties filed a Stipulation of Dismissal on June 30, 2016. On May 29, 2018, RLI filed a Second Motion

to Enforce Settlement Agreement. Defendants have not filed a response to RLI's motion, and the time to do so has passed.

The parties agreed that Defendants would pay RLI a sum of $16,000, by an immediate lump sum payment of $10,000 followed by 12 installments of $500. It is unclear from RLI's motion what the remaining balance is.

The settlement agreement contains a provision pertaining to default. If Defendants fail to timely pay an installment, the agreement provides the procedure RLI must follow to demand payment. If Defendants default three times, or fail to cure a default, then RLI is permitted to file a consent judgment against Defendants Joshua Allenbrand and Paul Russell, Jr. for $20,000.[1] Any payments the Defendants had made would be credited to the $20,000 consent judgment.

## II. Legal Standard

Federal courts are courts of limited jurisdiction, and the Court has a duty to examine whether it has authority to hear the merits of an action.[2] The burden of establishing jurisdiction is on the party "who claims that the power of the court should be exerted [on its] behalf."[3] The Court has subject-matter jurisdiction over an action if it arises under (1) federal-question jurisdiction or (2) diversity jurisdiction.[4] Diversity jurisdiction requires complete diversity of citizenship

---

[1] The settlement agreement also provides that Defendants Engineered Systems Company, LLC, Paul Russell, Sr., and Betty Russell shall enter into a consent judgment for $1,519,949.00. It is unclear when, if ever, RLI can file that consent judgment or when, if ever, RLI will return it to those defendants. It appears, however, that the parties intended that amount to be paid to RLI immediately. Because RLI does not mention this specific consent judgment and requests only $2,000, the Court will focus solely on the $16,000 settlement sum and the consent judgment against Joshua Allenbrand and Paul Russell, Jr.

[2] Fed. R. Civ. P. 12(h)(3); *Glass v. Ocwen Loan Servicing, LLC*, 2015 WL 4647905, at *1 (D. Kan. 2015); *Sheldon v. Sill*, 49 U.S. 441, 448-49 (1850).

[3] *McNutt v. Gen. Motors Acceptance Corp. of Ind.*, 298 U.S. 178, 189 (1936).

[4] 28 U.S.C. §§ 1331, 1332.

between the plaintiff and defendant and an amount in controversy exceeding $75,000, exclusive of interests and costs.[5] " 'The amount in controversy is not proof of the amount the plaintiff will recover,' but rather, 'it is an estimate of the amount that will be put at issue in the course of the litigation.' "[6] There is a strong presumption in favor of the amount in controversy alleged by the plaintiff.[7]

When a case in federal court has been settled and dismissed, the court must have an independent basis for subject-matter jurisdiction or a basis for exercising ancillary jurisdiction to enforce the settlement agreement.[8] Ancillary jurisdiction over a settlement agreement exists when "the parties' obligation to comply with the terms of the settlement agreement had been made part of the order of dismissal," such as when the judge expressly retained jurisdiction over the settlement agreement or incorporated the terms of the agreement in the order.[9] Absent some clear indication in the stipulation or order of dismissal that the Court intends to enforce the agreement itself, there must be an independent basis for federal jurisdiction.[10] An alleged breach of a settlement agreement falls under the law of contract, which is covered by state law.[11] Because

---

[5] 28 U.S.C. § 1332(a); *Dutcher v. Matheson*, 733 F.3d 980, 987 (10th Cir. 2013).

[6] *Armour v. Transamerica Life Ins. Co.*, 2010 WL 4180459, at *2 (D. Kan. 2010) (quoting *McPhail v. Deere & Co.*, 529 F.3d 947, 956 (10th Cir. 2008)).

[7] *Woodmen of the World Life Ins. Soc'y v. Manganaro*, 342 F.3d 1213, 1216-17 (10th Cir. 2003) (citing *Adams v. Reliance Standard Life Ins. Co.*, 225 F.3d 1179, 1183 (10th Cir. 2000); *Tongkook Am., Inc. v. Shipton Sportswear Co.*, 14 F.3d 781, 785 (2d Cir. 1994)).

[8] *Kokkonen v. Guardian Life Ins. Co. of America*, 511 U.S. 375, 381 (1994).

[9] *Id.*

[10] *Id.*

[11] *Id.*

enforcement of a settlement agreement does not present a federal question, subject-matter jurisdiction must be based on diversity.[12]

### III. Analysis

When this case first came before the Court, jurisdiction was proper because the parties were diverse and the amount in controversy exceeded $75,000. The Court does not have jurisdiction to enforce the settlement agreement, however. While the parties presumably remain diverse,[13] RLI is requesting only $2,000 in relief, far short of the $75,000 threshold.

Further, the Court may not exercise its ancillary jurisdiction over the settlement agreement. This case was dismissed without prejudice by stipulation of the parties, pursuant to Fed. R. Civ. P. 41(a)(1)(A)(ii). The parties' stipulation made no mention of the settlement agreement, nor did it request that the Court retain jurisdiction over the matter until the terms of the agreement were satisfied. Thus, jurisdiction ceased to exist; accordingly, the Court lacks the authority to rule on this Motion to Enforce Settlement Agreement.

**IT IS THEREFORE ORDERED** that RLI's Second Motion to Enforce Settlement Agreement (Doc. 74) is hereby **DENIED** for lack of subject-matter jurisdiction.

The case remains closed.

---

[12] *Id.*

[13] RLI did not allege this in its motion, but there has been no indication that the parties are no longer diverse. Either way, diversity jurisdiction does not apply because the amount in controversy requirement is not met.

**IT IS SO ORDERED**.

Dated this 12th day of July, 2018.

                                        ERIC F. MELGREN
                                        UNITED STATES DISTRICT JUDGE